UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KENNETH A. FRIEDMAN,<br><br>Plaintiff,<br>v.<br><br>JAMES GREGG COX et al.,<br><br>Defendants. | Case No. 3:14-cv-00465-MMD-VPC<br><br>ORDER |

I.  **DISCUSSION**

On September 10, 2014, this Court ordered Plaintiff, a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), to file a fully complete application to proceed *in forma pauperis* or pay the full $400 filing fee for a civil action within thirty (30) days of the date of that order. (Dkt. no. 3 at 2.)

On September 17, 2014, Plaintiff filed a motion for stay and abeyance of filing the action pending exhaustion. (Dkt. no. 5.) In the motion, Plaintiff asks that the Court not officially file his complaint until he has paid all the required fees and has resolved whether or not Defendants will permit him to exhaust all available interdepartmental remedies or whether he has in fact satisfied exhaustion. (*Id.* at 1.) Plaintiff requests a stay and abeyance for 150 days and states that he will eventually ask the Court to file his complaint. (*Id.* at 3.) Plaintiff seeks an abeyance to avoid the hardship of dismissal and the need to refile when he may have already satisfied his exhaustion obligation. (*Id.*)

1 In *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002), the Ninth Circuit held that a
2 district court must dismiss an action involving prison conditions when the plaintiff does
3 not exhaust his administrative remedies prior to filing suit but is in the process of doing
4 so when a motion to dismiss is filed. *Id.* at 1199.

5 In this case, the Court finds that, in accordance to Ninth Circuit law, the Court
6 must dismiss the case, without prejudice, if Plaintiff has not exhausted his administrative
7 remedies. As such, the Court denies the motion for a stay and abeyance. However, the
8 Court grants Plaintiff thirty (30) days from the date of this order to inform this Court
9 whether Plaintiff intends to: (a) proceed on this action — despite his uncertainty about
10 whether he has exhausted his claims — or (b) seek a voluntary dismissal of this case,
11 without prejudice, to resolve the exhaustion issues. If Plaintiff fails to notify the Court of
12 his chosen option, this case will proceed and Defendants may raise exhaustion in a
13 subsequent motion. If Plaintiff chooses to voluntarily dismiss this case, the Court will not
14 impose a filing fee for this case.

15 If Plaintiff intends to proceed with this action, the Court directs Plaintiff to comply
16 with this Court's September 10, 2014, order directing Plaintiff to either file a fully
17 complete application to proceed *in forma pauperis* or pay the full $400 filing fee for this
18 action. The Court directs Plaintiff to file a fully complete application to proceed *in forma*
19 *pauperis* or pay the full filing fee for this action within thirty (30) days of the date of this
20 order. If Plaintiff fails to file either an application to proceed *in forma pauperis* or pay the
21 full filing fee within thirty (30) days of the date of this order, the Court will dismiss this
22 action without prejudice.

23 **II.   CONCLUSION**

24 For the foregoing reasons, it is ordered that the motion for stay and abeyance
25 (dkt. no. 5) is denied.

26 It is further ordered that within thirty (30) days from the date of this order, Plaintiff
27 shall either: (1) file a fully complete application to proceed *in forma pauperis*, on the
28 correct form with complete financial attachments in compliance with 28 U.S.C. §

1915(a); or (2) pay the full $400 fee for filing a civil action (which includes the $350 filing fee and the $50 administrative fee).

It is further ordered that within thirty (30) days from the date of this order, Plaintiff shall notify this Court about whether he intends to proceed with this case or seek a voluntary dismissal.

It is further ordered that if Plaintiff does not timely comply with this order, dismissal of this action may result.

DATED THIS 23rd day of September 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE